SAMUEL W. HAYES,
MATTHEW J. KANE,
JOHN B. TURNER,    } JUSTICES.
R. L. WILLIAMS,

FARRIMOND *et al.* v. COALGATE SCHOOL DISTRICT.

No. 1040.   Opinion Filed March 8, 1910.

(108 Pac. 371.)

INJUNCTION—Restraining Acts of School Officers. A taxpayer and citizen of a school district having children of school age cannot maintain an action against the officers of said district calling in question the propriety of their public acts upon the ground that the act complained of will make it less convenient for him to send his children to school.

(Syllabus by the Court.)

*Error from District Court, Coal County; A. T. West, Judge.*

Action by Joe Farrimond and others against the Coalgate School District.   Judgment for defendant, and plaintiffs bring error.   Affirmed.

707

*C. M. Threadgill,* for plaintiffs in error.

*Fooshee & Brunson,* for defendant in error.—Citing: *Thompson et al. v. Haskell,* 24 Okla. 70, 102 Pac. 700; *Nixon v. School District,* 32 Kan. 510; *Craft v. Commissioners of Jackson County,* 5 Kan. 518; *Stiles, Treasurer, v. City of Guthrie,* 3 Okla. 39; *Bobbett v. State ex rel. Dresher,* 10 Kan. 9; *Turner v. Commissioners of Jefferson County,* 10 Kan. 16; *Bridge Co. v. Commissioners of Wyandotte County,* 10 Kan. 326-331; *State ex rel. v. Commissioners of Jefferson County,* 11 Kan. 66; *Miller v. Town of Palermo,* 12 Kan. 14; *A., T. & S. F. Ry. Co. v. State,* 22 Kan. 1.

KANE, J.   This was an action commenced by Joe Farrimond, William Fewister, N. J. Cockburn, J. T. Walters, C. W. Jones, D. A. Tate, Jasper Strange, B. M. Jones, R. T. McKinney, W. J. Briscoe, and C. E. Gill, who it is alleged are qualified school electors and taxpayers of the Coalgate school district, as plaintiffs, against the Coalgate school district, as defendant, wherein it is prayed that the court require the defendant to appear and answer, and, after hearing, the plaintiffs be given judgment for the annullment of a certain order made by the defendant in annexing, or attempting to annex, certain outlying territory, and making it a part of the Coalgate school district, and it is further prayed that said order of the board of education be set aside and held for naught, and that the board be restrained from exercising any authority over the outlying territory.   A demurrer was filed to the petition upon the ground (1) that the amended petition does not state a cause of action in favor of the plaintiffs or any of them against the defendant; (2) that it appears on the face of the petition that the plaintiffs have no capacity to maintain this action.   The cause coming on to be heard upon this demurrer, the same was sustained, and, plaintiffs refusing to plead further, the cause was dismissed.   To reverse the order dismissing the cause, this proceeding in error was commenced.

The grounds on which counsel for plaintiffs in error contend

they have a right to maintain this action are stated by him in his brief as follows:

"The suit is brought for the purpose of having the act of the board of education of the city of Coalgate annexing certain outlying territory to said city of Coalgate to the Coalgate school district, and the interest the plaintiffs have in the subject-matter of the suit is that they (except Joe Farrimond, William Fewister, and W. J. Briscoe) are residents of the said outlying territory, which was attempted to be annexed; that they are taxpayers; that they are school electors, and that they have children to send to school; that N. J. Cockburn, J. T. Walters, D. A. Tate, Jasper Strange, and R. T. McKinney live in the outlying territory which was taken from school district No. 22 and annexed to the Coalgate school district; and that it is impractical for them to send their children across Caney Creek into Coalgate to school. It is a question of their best interest in educating their children. It is the same question involved with the plaintiffs living in that part of the outlying territory taken from school district No. 23. They need a neighborhood school to serve their best interest in educating their children. There is no obligation more sacred than the obligation of educating one's children, and this obligation is a personal and private obligation, and such an interest that no one can say that it is common to others, and therefore an interest that the public hold not in common."

The question then before this court, boiled down, is: May a private citizen, simply because he is a taxpayer and citizen of a school district, having children of school age, challenge the public officers of such district to meet him in the courts of justice to defend their official acts, upon the ground that the acts complained of make it less convenient for him to send his children to school?

Upon the authority of *Thompson et al. v. Haskell, Governor*, 24 Okla. 70, 102 Pac. 700, this question must be answered in the negative. In that case Mr. Justice Williams, in distinguishing it from *Kellogg v. School District*, 13 Okla. 285, 74 Pac. 110, and cases of that class, says:

"The case of *Kellogg v. School District No. 10, supra*, does not appear to go to the extent of permitting private individuals

to restrain public officers to correct purely public wrongs, but to restrict the right of a private individual to that class of cases which involves the creation of debts illegally against, or the wrongful expenditure of moneys of, the taxpayers."

The case at bar does not belong to that class of cases which involve the creation of debts illegally against, or the wrongful expenditure of moneys of, the taxpayers. It involves a dispute between the officers of the school district and some of the taxpayers therein over the formation of a school district suitable to the convenience of the complainants.

"To allow any citizen to litigate with public officers the propriety of their acts exposes them to constant litigation. If one may, so may another. If one act may be litigated, so may all; and so the time, attention, and thought of the officer (will be) diverted from the duties of his office to the defense of harassing suits." (Mr. Justice Brewer in the case of *Bobbett v. State ex rel. Dresher,* 10 Kan. 9.)

The judgment of the court below is affirmed.

All the Justices concur.